UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE McCLINTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-0372-JCZ-SS** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Clarence McClinton ("McClinton"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits under the Social Security Act. Rec. doc. 1. For the reasons described below, it is recommended that McClinton's complaint be dismissed without prejudice for failure to prosecute.

**PROCEDURAL HISTORY**

On February 27, 2013, McClinton filed a complaint against the Commissioner. Rec. doc. 1. He was granted leave to proceed *in forma pauperis*. Rec. doc. 3. He is not represented by counsel. The summons was issued to the Social Security Administration, the U.S. Attorney General and the U.S. Attorney with pauper letter. Rec. doc. 4. There is no record of service of the summons and complaint. The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

On October 10, 2013, an order was issued setting the matter for the call docket on November 6, 2013. McClinton was notified that if he failed to file proof of service of the summons and complaint or demonstrate good cause for the failure to do so, it would be recommended that his complaint be dismissed without prejudice. Rec. doc. 6. McClinton did not respond to the call docket. He did not file proof of service of the summons and the claimant. He did not request additional time.

## **FAILURE TO PROSECUTE**

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. Link v. Wabash R. Co., 370 U.S. 626, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977).

Because of the operation of the statute of limitations, the dismissal may operate as a dismissal with prejudice. A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action. Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996).

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's

order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989). In Ford v. Sharp, 758 F.2d 1018, 1021 (5th Cir. 1985), the Fifth Circuit described aggravating factors to be examined in considering an involuntary dismissal with prejudice. These factors include the extent to which the plaintiff as distinguished from counsel is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.

McClinton is proceeding in proper person. He is responsible for the failure to serve the defendants within the time provided by the Federal Rules of Civil Procedure. He ignored the Court's order of October 10, 2013 that he present proof of service by November 6, 2013. Because of McClinton's failure to comply with Rule 4(m) and to prosecute this action, it will be recommended that his claim be dismissed without prejudice.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Clarence McClinton's petition be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of November, 2013.

                                              **SALLY SHUSHAN**
                                              **United States Magistrate Judge**